IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-50997
Summary Calendar

_____


SUSAN HOLMES; ROBERT HAZMARK; BOBBY J. MILLS;
JOHN THOMAS PAEZ; DARYL WARE; JIM WADE;
THOM HOLMES; DONNA HAZMARK; PATRICK HURD;
DEBORAH WARE; ROBERT FRIAS; DANE SMITH;
AMERICAN CONSTITUTION PARTY OF TEXAS,

                                        Plaintiffs-Appellants,

versus

ALBERTO R. GONZALES, Secretary of State;
ANN McGEEHAN, Director of Elections,

                                        Defendants-Appellees.


_____

Appeal from the United States District Court for
the Western District of Texas
(USDC No. A-98-CV-600-SS)
_____

October 25, 2000

Before REAVLEY, JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiffs are members and candidates of the American Constitutionalist Party. They filed suit in 1998 seeking permanent and temporary injunctions ordering that Constitutionalist candidates for district offices in Texas be named as party candidates on the general election ballot. The plaintiffs also sought a declaration that certain provisions of the Texas Election Code were unconstitutional. After the motion for preliminary injunction was denied, the suit went to a bench trial. In September of 1999 the district court entered a take-nothing judgment in favor of the defendants, who were Texas election officials. Plaintiffs appealed that judgment. This Court then ordered a limited remand for purposes of clarification. On August 14, 2000 the district court issued an order supplementing its earlier opinion. Plaintiffs appeal the original judgment and the supplemental order.

We agree with the district court that the state has a compelling interest in requiring a preliminary showing of a significant modicum of support before a party can be listed on the ballot. *See Jenness v. Fortson*, 403 U.S. 431, 442 (1971). A district candidate seeking to run as a party candidate must produce a list of convention participants, or obtain the signatures, of a number equal to at least one percent of the total number of votes received by all candidates for governor in the most recent election. *See* TEX. ELEC. CODE §§ 181.003; 181.005(a); 181.006. We agree with the district court that this requirement is narrowly tailored towards

2

ensuring that a party seeking to place district candidates on the ballot has a modicum of support within the state.

AFFIRMED.